IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| BRADLEY NIGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:00cv1634 (GBL) |
| | ) | |
| KOONS BUICK PONTIAC GMC, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

THIS MATTER is before the Court on Plaintiff Bradley Nigh's
Motion for Attorney's Fees pursuant to Rule 54 of the Federal
Rules of Civil Procedure and Defendant Koons Buick Pontiac GMC,
Inc.'s ("Koons") Motion to Compel Immediate Repayment of Excess
Judgment Paid to Nigh, Repayment of Vacated Attorney's Fees and
Further Relief as to Costs.  This case concerns attorney's fees
and costs awarded to Plaintiff under the fee-shifting provisions
of the Truth in Lending Act ("TILA") and the Virginia Consumer
Protection Act ("VCPA") that have been vacated by the Fourth
Circuit and remanded to this Court for reconsideration in
accordance with the Supreme Court's ruling on the TILA damages
provision.  The issues before the Court are:

(1) whether, in light of the Supreme Court's ruling on the
TILA damages provision, the Court should issue an Order

1

requiring repayment of the excess judgment awarded to
Plaintiff, in the amount of $26,312.36;

(2) whether the Court should award Mr. Nigh $29,129.10 in
attorney's fees for the work done on the case up until the
initial appeal to the Fourth Circuit;

(3) whether the Court should award Mr. Nigh $11,840 for work
done in relation to the appeal to the Fourth Circuit;

(4) whether the Court should award Plaintiff attorney's fees
for legal services performed defending the appeal in the
Supreme Court, for legal services expended after the appeal
to the Supreme Court in opposing the motion for rehearing in
the Fourth Circuit, and for filing this motion in this
Court;

(5) whether the Court should reaffirm the award of costs
entered by this court, in the amount of $3,590, on August
26, 2003;

(6) whether the Court should award costs to Koons pursuant
to Federal Rule of Appellate Procedure 39(e).

In light of the Supreme Court's ruling and the Fourth Circuit
order vacating the fee awards and remanding the case to this
Court for further consideration, and for the reasons stated
below, the Court holds that:

(1) Mr. Nigh must pay Koons $26,312.36, the amount of the
excess judgment awarded to him by the trial court (including

2

interest);

(2) Mr. Nigh is awarded $29,129.10 in attorney's fees for the work done on the case up until the initial appeal to the Fourth Circuit, the amount previously awarded to Plaintiff by this Court;

(3) Mr. Nigh is awarded $11,840 for work done in the appeal to the Fourth Circuit, the amount previously awarded to the Plaintiff by the Fourth Circuit;

(4) Mr. Nigh is awarded $33,644 in connection with the appeal to the Supreme Court, $4,564.50 for fees incurred in the Fourth Circuit after the Supreme Court's decision, and $5,906 for work performed in this Court in relation to this Motion;

(5) the Court reaffirms the award of costs by this court in the amount of $3,590 on August 26, 2003;

(6) the Court denies Koons' request for an award of costs pursuant to Federal Rule of Appellate Procedure 39(e).

## I.   BACKGROUND

On October 3, 2000, Plaintiff Bradley Nigh initiated the present action against Koons alleging conversion, breach of contract, fraud, and violations of the Federal Odometer Act, TILA, and VCPA.  On May 3, 2001, a jury in this Court returned a verdict for Mr. Nigh holding that Koons violated the TILA with regard to the disclosure of the amount financed and that Koons

violated the VCPA with regards to representations made to induce
Mr. Nigh to sign the third retail installment contract.  With
respect to the TILA claim, the jury awarded Mr. Nigh $24,192.80.
Both the TILA and VCPA provide for the award of reasonable
attorney's fees and court costs to a prevailing consumer.
Accordingly, following the trial, this Court entered an award in
favor of Plaintiff for $26,129.10 in attorney's fees and costs.

Koons subsequently appealed the judgment to the Fourth
Circuit.  On February 4, 2003, the Fourth Circuit issued a
written opinion affirming this Court's rulings.  Koons requested
a rehearing, which the Fourth Circuit denied in July, 2003.
Thereafter, the Fourth Circuit awarded Mr. Nigh $11,840.99 in
attorney's fees and $278.08 in costs.

Koons then petitioned the Supreme Court of the United States
for *certiorari*.  Koons only sought review of the amount of
statutory damages recoverable under the TILA and did not
challenge the findings of liability under the TILA and VCPA.
Initially, Mr. Nigh did not oppose Koons' petition.  On November
5, 2003, however, the Court directed Mr. Nigh to file a response
to the petition for a *writ of certiorari*.  On January 20, 2004,
the Court granted Koons' petition for a *writ of certiorari*.  The
Supreme Court reversed the judgment of this Court on the ruling
of damages, holding that the statutory limitation of damages of
$1,000 should have been applied.  The case was remanded to the

4

Fourth Circuit and the Fourth Circuit remanded the case back to this Court.

Koons subsequently petitioned the Fourth Circuit for a rehearing on the ground that the Fourth Circuit failed to address the attorney's fee award.  On April 21, 2005, the Fourth Circuit granted Koons' motion for reconsideration and vacated the prior award of attorney's fees.  The Fourth Circuit then remanded the case back to this Court "for a new determination on the issue of fees."  *See* Fourth Circuit's Order, Vacating Attorney's Fees Awards, April 25, 2005.

## II.  DISCUSSION

### A.  Standard of Review

In the United States, parties are ordinarily required to bear their own attorney's fees – the prevailing party is not entitled to collect attorney's fees from the loser.  *See Alyeska Pipeline Service Co. v. Wilderness Society*,  421 U.S. 240, 247 (1975).  Under this "American Rule," courts follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority."  *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994).

Congress has authorized district courts to shift attorney's fees and costs in various legal contexts, including cases brought under the TILA and VCPA.  The TILA states, "in the case of any successful action to enforce the foregoing liability ... [the

plaintiff is entitled to] the cost of the action, together with a reasonable attorney's fees as determined by the Court."  15 U.S.C. § 1640(3).  The VCPA states, "in addition to any damages awarded, such persons also may be awarded reasonable attorney's fees and court costs."  VA. CODE ANN. 59.1-204 (Michie 2004).

### B.   Analysis

**Repayment of Excess Judgment Paid to Nigh**

In light of the Supreme Court holding in this case, Mr. Nigh is entitled to the maximum statutory award of $1,000.  The Supreme Court held that there is a $1,000 limitation on statutory damages under TILA.  *See Koons,* 125 S.Ct. at 469.  The jury initially awarded Mr. Nigh $24,192.80 in damages.  Accordingly, Koons is entitled to a recovery of $26,312.36, including interest.  This amount is calculated by reducing the TILA award from $24,192.80, and applying the statutory interest rate of 3.39% compounded annually, as set forth in 28 U.S.C. § 1961.  Interest will continue to accrue at the statutory rate until the date of payment.  *Id*.

**Mr. Nigh is Entitled to Attorney's fees and Costs**

The Court reaffirms that Mr. Nigh is awarded attorney's fees because he is the prevailing party and Koons violated both the TILA and the VCPA.  The VCPA and the TILA both give the Court

statutory authority to award attorney's fees.  The VCPA attorney's fees and court costs "may be awarded" in addition to damages.  VA. CODE ANN. 59.1-204 (Michie 2004).  The TILA, however, directs the Court to award attorney's fees and costs.  The TILA provides that "in the case of any successful action to enforce the foregoing liability...[the plaintiff is entitled to] the costs of the action, together with reasonable attorney's fees as determined by the court..."  15 U.S.C. § 1640(3).  "The language in section 1640(a) unequivocally entitles a successful Truth-in-Lending plaintiff to an award of [reasonable] attorney's fees, and leaves only *the amount* of the award to the court's discretion."  *de Jesus v. Banco Popular de Puerto Rico, et. al.*, 918 F.2d 232, 233 (1st Cir. 1990) (emphasis in original).  The TILA - whose attorney's fees provision is mandatory - was "designed to create a system of 'private attorney generals' to aid in effective enforcement of the substantive statute" *Id*. at 234.  At trial, the jury found that Koons violated both the TILA and the VCPA.  Although this case has a lengthy and complex procedural history, and the amount of damages has been reduced significantly, the fact that Koons violated these statutes has not changed.  Accordingly, Mr. Nigh is entitled to reasonable attorney's fees and costs, the only determination this Court must make is the amount.

### Extent of Mr. Nigh's Success

The Court has considered the extent of Mr. Nigh's success in determining the proper amount of attorney's fees to award.  In *Hensley*, the Supreme Court held that the most critical factor in determining the appropriate amount of attorney's fees is the degree of success obtained.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Estes v. Meridian One*, 6 Fed. Appx. 142, 2001 WL 285076, at *146 (4th Cir., Mar. 23, 2001).  In this case, Mr. Nigh originally filed a thirteen count complaint with over forty claims alleging violations of the Federal Odometer Act, the Truth in Lending Act, the Virginia Consumer Protection Act, as well as breach of contract, fraud, and conversion.  See Complaint.  Many of Mr. Nigh's claims were dismissed on summary judgment and he ultimately prevailed at trial on two claims. Upon consideration of the extent of Mr. Nigh's success, the Court reduced the amount of attorney's fees at the trial phase by forty percent.  See Court's Order, Aug. 10, 2001, at 18.  In light of the Supreme Court's recent judgment, the damages initially awarded Plaintiff by the jury ($24,192.80) have been capped at the statutory maximum of $1,000.  Accordingly, the Court must consider what effect, if any, this has on the award of attorney's fees and costs.  The Court holds that since the fact that Mr. Nigh is the prevailing party under the TILA remains unchanged and he has won the maximum amount of damages available under the

statute, the attorney's fees he was previously awarded should not be further reduced.

Mr. Nigh's award of $1,000 is the statutory maximum, and therefore it is neither a nominal recovery or *de minimus*.  Koons argues that Plaintiff's recovery is *de miminis* and therefore it precludes the award of any fee.  It would defy logic, however, to characterize a damages award of $1,000 under the TILA, the statutory maximum, as *de minimis*.  Mr. Nigh was awarded the maximum amount of damages allowed by statute under the TILA, and therefore, he has achieved the maximum level of success, in the form of damages, that any consumer can recover under the statute. The Court has considered the extent of Mr. Nigh's success in determining the appropriate amount of attorney's fees and costs to award Mr. Nigh.

### Attorney's Fees for Trial and Appeal to Fourth Circuit

Mr. Nigh is awarded attorney's fees and costs in the amount of $29,129.10 for the work done on this case up until the initial appeal to the Fourth Circuit and $11,840 for work done in the appeal to the Fourth Circuit.  This Court previously made the determination that $29,129.10 is the appropriate amount of attorney's fees that should be awarded for the work done up until the appeal.  *See* Court's Order, Aug. 10, 2001.  Additionally, on

October 8, 2003, the Fourth Circuit awarded Plaintiff his
attorney's fees incurred on appeal in the amount of $11,840.  *See*
Plt.'s Mot. at 2.  In determining attorney's fees for the work
completed on the case up until the initial appeal, this Court
considered the factors set forth by the Fourth Circuit in *Barber*
*v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) – the
lodestar factors, as discussed below.  Defendant has not
questioned the reasonableness of the amounts sought.
Furthermore, in accordance with the Supreme Court's determination
in *Hensley*, the Court considered the degree of Mr. Nigh's
success.  *See Hensley*, 461 U.S. 424; see also Court's Order,
August 10, 2001, at 17.  Accordingly, the Court reduced the
amount of attorney's fees originally requested by Mr. Nigh of
$43,548.50 by forty percent, and ultimately awarded Mr. Nigh
$29,129.10 in attorney's fees and costs.  Subsequently, the
Supreme Court reversed the judgment of this Court on the ruling
of damages, holding that the statutory cap of $1,000 should have
been applied.  *See Koons Buick Pontiac GMC Inc. v. Nigh*, 125
S.Ct. 460 (Nov. 30, 2004).  Nevertheless, the jury finding that
Koons violated both the TILA and the VCPA remains unaltered.
Since Mr. Nigh remains a successful plaintiff under both TILA and
VCPA, he is entitled to attorney's fees.  The Court takes into
consideration the fact that Mr. Nigh's damages have been reduced
to the statutory maximum and holds that the initial awards of

attorney's fees remain the appropriate amount of attorney's fees
for the work leading up to the initial appeal and the appeal to
the Fourth Circuit.  Accordingly, the Court awards Mr. Nigh
$29,129,50 in attorney's fees for the work relating to the
initial trial in this case and $11,840 in attorney's fees for the
work completed on the appeal to the Fourth Circuit.

### Award of Costs for Appellate Proceedings

The Court reaffirms the August 26, 2003 award of costs by
this Court in the amount of $3,590.  Koons argues that the $3,590
in costs awarded to Mr. Nigh on August 26, 2003, subsequent to
the Fourth Circuit's ruling, should be returned to Koons in whole
or substantial part in light of the Supreme Court's ruling.  See
Def.'s Mem. at 2.  The Court previously issued an order on
December 3, 2003 denying Defendant's Motion for Reconsideration
of Assessed Costs.  Upon consideration of the Supreme Court's
ruling reducing Mr. Nigh's damages, but leaving unaltered the
finding of liability for Koons' violation of the TILA and VCPA,
as well as the Court's previous order, the Court reaffirms the
award of costs in that amount of $3,590.

Additionally, the Court denies Defendant Koons' request for
appellate costs.  Koons requests that the Court direct the Clerk
to enter appellate costs taxable in this Court pursuant to

Federal Rule of Appellate Procedure 39(e).  See Def.'s Mem. at 2. In *Cherry v. Champion Int'l Corp*., the Court of Appeals held that Rule 54 "creates the presumption that costs are to be awarded to the prevailing party."  186 F.3d 442, 446 (4th Cir. 1999). Furthermore, "[t]o overcome the presumption, a district court 'must justify its decision [to deny costs] by articulating some good reason for doing so.'"  *Id*.  (quotations omitted).  Thus, costs may be denied only when there would be an element of injustice in a presumptive cost award, and the district court is given discretion to deny the award, subject to an abuse of discretion.  *Id*.  Congress has included a mandatory attorney's fees provision for prevailing consumers under the TILA to facilitate the effective enforcement of the statute.  This case involves an appeal to the Supreme Court in which Koons was ultimately successful in winning a reduction of the damages award.  It still remains true, however, that Koons is liable to Mr. Nigh for violating the TILA and VCPA.  Accordingly, as the prevailing party under the TILA and VCPA, Mr. Nigh should not be required to pay Koons' appellate costs.  The Court holds that it serves the interests of justice and the purposes of the mandatory attorney's fees provision in TILA to deny Koons' request for the assessment of costs for the appellate proceedings against Mr. Nigh, the consumer against whom it has been found liable for violations of both the VCPA and TILA.

**Attorney's Fees for Appeal to Supreme Court and Subsequent Work Done in the Fourth Circuit and District Court**

Mr. Nigh is entitled to reasonable attorney's fees incurred on appeal because he is a successful plaintiff under the TILA. In *Powers*, the Fourth Circuit recognized that a Plaintiff that is successful under TILA, but whose damage award is reduced on appeal, may still be awarded attorney's fees. *See Powers v. Sims v. Lims,* 542 F.2d 1216, 1222 (4th Cir. 1976).  In *Powers*, husband and wife joint obligors on a home improvement loan contract brought an action under the TILA seeking the maximum civil penalties.  They proved the lender violated the TILA and the trial court held that the husband and wife were each entitled to the statutory penalty of $1,000.  *Id*.  The Fourth Circuit held that since the borrowers were joint obligors in a single consumer credit transaction, they were only entitled to one civil penalty, and therefore, reduced the award to $1,000 to be jointly paid to the plaintiffs.  *Id*.  The Fourth Circuit vacated the initial judgment of attorney's fees because "...the district court may wish to reconsider the amount of that award in light of subsequent developments*." Id.*  Judge Winters wrote a concurring opinion in which he stated that "the district court should be free to increase the award of counsel fees to compensate plaintiffs' counsel for his services on appeal." *Id*.  In a similar case, the Court of Appeals for the Fifth Circuit,

reversed the trial court's award of damages under TILA. Nevertheless, the Court, citing *Powers*, held that the Plaintiff who was successful under the TILA was entitled to "reasonable attorney's fees incurred on appeal because the suit was considered a 'successful action.'" *Gerasta v. Hibernia National Bank*, 57 F.2d 580, 584 (5th Cir. 1978)(citing Powers, 542 F.2d at 1222). Similarly in this case, Koons succeeded in obtaining a reduction of Mr. Nigh's damages on appeal. He remains, however, a prevailing Plaintiff under TILA because he proved that Koons violated both the TILA and VCPA. Accordingly, he is still entitled to recover attorney's fees under TILA. Furthermore, Mr. Nigh proved that he was entitled to the maximum amount of damages permitted under the statute. Because Mr. Nigh remains successful under the TILA and VCPA, and upon consideration of the extent of Mr. Nigh's success, and the factors set forth in *Barber*, the Court holds that Mr. Nigh is entitled to attorney's fees incurred on appeal to the Supreme Court and work done thereafter for a total of $44,114.50, which includes $33,644.00 in connection with the appeal to the Supreme Court, $4,564.50 for fees incurred in the Fourth Circuit after the Supreme Court's decision, and $5,906 for work performed in the district court.

**Plaintiff's Requested Attorney's Fees and Costs are Reasonable**

The Court finds that the attorney's fees and costs requested by Plaintiff are reasonable. To determine the reasonable amount

14

of attorney fees to award, the Court must multiply the reasonable number of attorney hours expended in the case by a reasonable hourly rate.  The resulting "lodestar" amount is considered a reasonable measure of the fee portion of litigation expenses. *Blanchard v. Bergeron*, 489 U.S. 87 (1989).  In awarding attorney's fees, the Court must consider the factors set forth by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) – the lodestar factors.  Those factors are:

> (1) the time and labor expended, (2) the novelty and difficulty of the questions raised, (3) the skill required to properly perform the legal services rendered, (4) the attorney's opportunity costs in pressing the instant litigation, (5) the customary fee for like work, (6) the attorney's expectations at the outset of the litigation, (7) the time limitations imposed by the client or circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case within the legal community in which the suit arose, (11) the nature and length of the professional relationship between the attorney and client, and (12) attorney's fees in similar cases.

*Id. at* 226 n.28.  The Court has considered all of the factors outlined in *Barber,* and finds a full award of attorney's fees reasonable.


## 1.  Time and Labor Expended

The Court holds that Plaintiff has adequately demonstrated, through the several detailed invoices, that the amount of time and labor required to successfully prosecute this TILA case on

appeal was reasonable and necessary in order to accomplish the required tasks, and that no unnecessary work was performed in order to increase the legal fees. *See* Plt.'s Mem., Exhibits 1-3. The appeal process in this case was complex and ultimately involved an argument in the Supreme Court.

Furthermore, Plaintiff's involvement in the appeal to the Supreme Court was not voluntary.  In fact, Plaintiff's counsel initially did not oppose the petition for a *writ of certiorari* and was ultimately ordered by the Supreme Court to file a response to the petition. *See* Plt.'s Mem. at 16.  Additionally, Mr. Nigh associated with Public Citizen, a not-for-profit firm that specializes in Supreme Court appeals, to keep the time expended on the appeal as low as possible. *See* Plt.'s Mem. at 15.  The Supreme Court ultimately held that this Court was incorrect in its interpretation of the statutory damages provision in the TILA.  Accordingly, Mr. Nigh's damages have been reduced to $1,000, the maximum amount under the statute. Nevertheless, it remains unchanged that Mr. Nigh has established Koons is liable for violating TILA and the VCPA.  Despite losing on the damage issue raised by defendant, Plaintiff conclusively established that Koons violated the TILA and VCPA.  Plaintiff has shown that the time and labor counsel expended on this case was necessary to successfully defend this case.  Therefore, he is awarded fees for the reasonable time and labor his attorneys

expended on appeal.


###   2.   The Novelty and Difficulty of the Questions Raised

The appeal of this case involved a number of novel and complex issues, including the statutory damages issue and the issue of whether an unfunded contract can be "consummated" and therefore, form the basis for TILA liability.  This Court and the Fourth Circuit had to decide the threshold inquiry regarding consummation before liability could be established.  This case is a landmark decision on the issue of the consummation of unfunded contracts.  *See Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1066 (11th Cir. 2004); Rosa v. Cutter, 120 Fed. Appx. 76, 2005 WL78901 at *77 (9th Cir. 2005) (unpublished).  Furthermore, the issue regarding the statutory damages provision was a difficult and complex issue that ultimately resulted in five separate opinions written by the justices of the Supreme Court.  Thus, the Court holds that this factor is favorable to awarding Mr. Nigh the amount of attorney's fees requested.


###   3.   The Skill Requisite to Perform the Legal Service Properly

The Court recognizes that this matter was aggressively prosecuted and defended by respected, experienced, and highly

competent counsel.  The Court acknowledges that Defendants raised numerous issues during all motions, including at summary judgment, which required Plaintiff's counsel to be highly skilled to fully and effectively respond.

_____

###### 4.  Opportunity Costs to Plaintiff's Counsel

The Court recognizes that Plaintiff's counsel has expended a great amount of time pursuing this case.  The Court also acknowledges a significant opportunity cost, in the form of an inability to work on other cases or take on a number of new matters, paid by Plaintiff's counsel.  *See* Plt.'s Mem. at 19.

_____

###### 5.  Customary Fees for Like Work

The Court holds that Mr. Nigh's attorney's hourly rates for all its employees are reasonable, and therefore, this factor weighs in favor of Mr. Nigh.  In this case, Mr. Nigh's attorneys have submitted an affidavit supporting the reasonableness of the rates charged.  See Plt.'s Mem. at Exhibit A.  In a recent case, the Fourth Circuit upheld as reasonable an attorney's fee award of $350,000 where the plaintiff received only one dollar in compensatory damages. *See Mercer v. Duke University*, 401 F.3d 199, 2005 WL 468056 at *212 (4th Cir. 2005).  The complex legal issues involved in this case support the reasonableness of

Plaintiff's request for attorney's fees.  Additionally, Mr. Nigh is not requesting payment of the legal fees expended by Public Citizen.  Furthermore, Koons offers no evidence to rebut the reasonableness of the rates charged.  Accordingly, the Court holds that the customary fees for like work factor weighs strongly in favor of awarding Mr. Nigh the attorney's fees requested.

### 6.  The Attorneys' Expectations at the Outset of the Litigation

Plaintiff's attorneys accepted this matter on a contingency basis and did not expect to ultimately end up arguing this case in the Supreme Court. In fact, Mr. Nigh's attorneys stated that their original expectation was that Koons would accept the return on the vehicle and that the case would settle.  See Plt.'s Mem. at 20.  Contrary to the attorney's expectations, this case has had a complicated procedural history, including an appeal before the Fourth Circuit and the Supreme Court.  Mr. Nigh's attorneys vigorously represented Mr. Nigh throughout the appeal process, even though it clearly exceeded the original expectations of time and work.  Accordingly, the Court concludes that this factor weighs in favor of Mr. Nigh's request for attorney's fees.

19

       7.   The Time Limitations Imposed by the Client or
       Circumstances

       The time limitations imposed by the circumstances in the

appeal of this case also weigh in favor of Mr. Nigh.  The appeal

to the Fourth Circuit and the Supreme Court both involved complex

issues which required a significant amount of time to brief and

prepare for oral argument, and the time to prepare was limited.

In fact, less than ten months elapsed between the time the

Supreme Court granted the writ and the oral argument.  In the

thirty days prior to oral argument before the Court, Mr.

Blankenship spent 87.9 hours working on this case and Mr.

Christiano spent 13 hours.  See Plt.'s Mem. at 21.  The Court

finds that the time limitations imposed on Mr. Nigh's attorneys

support an award of fees for the work spent on the appeal process

in this case.



       8.   The Amount in Controversy and the Results Obtained

       The Court recognizes the complexity and expertise required

to successfully litigate Mr. Nigh's claim throughout the

appellate process.  This was a highly contested lawsuit, and

defense counsel was zealous in representing his client.

Plaintiff was successful in proving that Koons violated the TILA

and VCPA.  Plaintiff also prevailed in clarifying the issue

regarding unfunded contracts forming a basis for TILA liability,

an important victory for consumers.

Ultimately, Plaintiff did not prevail on the issue of the interpretation of the TILA statutory provision regarding damages, and his damages were significantly reduced to $1,000.  Courts have held, however, that the recovery of attorney's fees under the TILA are not limited by the amount of recovery.  *See Purtle v. Eldridge Auto Sales*, 91 F.3d 797, 802 (6th Cir. 1996) (holding attorney's fees awarded under TILA not limited by the amount of recovery).  Although the damages were reduced significantly, the results obtained for Mr. Nigh were the maximum amount of damages available under the statute.  Accordingly, the amount in controversy and the results obtained support an award of the attorney's fees requested by Mr. Nigh's attorneys for defending this case on appeal.


   9.  The Experience, Reputation, and Ability of Attorneys

The Court finds the experience, reputation, and ability of Plaintiff's counsel to be very high, and well worth the award amount Plaintiff seeks in his petition.  Plaintiff's lead counsel has tried many employment cases in this Court and in state courts.  Mr. Blankenship is highly regarded by his peers and the Court for his experience in consumer law.  Furthermore, each associate attorney and staff member has billed according to a reasonable and customary fee commensurate with his experience, as

addressed above.


<u>10. The Undesirability of the Case Within the Legal</u>
<u>     Community in which the Suit Arose</u>


The Court recognizes that Plaintiff's counsel undertook this case, although it was undesirable to do so within the Northern Virginia legal community.  The Court's award of attorney's fees to Plaintiff should recognize this difficulty.  *de Jesus v. Banco Popular de Puerto Rico, et. al.*, 918 F.2d 232, 233 (1st Cir. 1990) (emphasis in original).  In recognition of the possible undesirability of taking TILA cases, Congress included a mandatory attorney's fee provision in TILA that is "designed to create a system of 'private attorney generals' to aid in effective enforcement of the substantive statute."  *Id.* at 234 (emphasis in original).  The Court recognizes the undesirability of litigating TILA and VCPA cases as Plaintiff's counsel, because of their complexity, personal nature, and the difficult issues presented for both client and attorney.  Furthermore, consumer cases usually must be accepted on a contingency basis because consumers like Mr. Nigh cannot afford to pay the extensive amount of legal fees that are often required in these cases. Additionally, in this case, the Defendant is out of business and it may be difficult for Plaintiff to collect any additional fees awarded by this Court.  See Plt.'s Mem. at 24.  Thus, the Court

holds that this factor is favorable to awarding Mr. Nigh some amount for attorney's fees.


### 11.  The Nature and Length of the Professional Relationship Between the Attorney and the Client

The Court holds that the length and nature of the relationship between Mr. Nigh and his attorneys weighs in favor of an award of the attorney's fees requested.  The Court recognizes that Plaintiff has maintained a professional relationship with counsel for more than five years.  In contrast, many consumer cases can be resolved in several months.  The Court takes this factor into consideration when contemplating an award of attorney's fees.


### 12.  Attorney's Fees in Similar Cases

The Court holds that the attorney's fees requested by Mr. Nigh for defending this case on appeal are reasonable.  As noted by Mr. Nigh, this case is unique and there are very few similar cases for comparison.  See Plt.'s Mem. at 25.  In fact, the Supreme Court has only heard seven TILA cases in the last twenty-five years, and only one in which Plaintiff prevailed.  *See id.* Even in the case in which the plaintiff prevailed, the plaintiff failed to established the defendant's liability under the  TILA,

and therefore, was not entitled to recover attorney's fees.  *See Ford Motor Credit Co. v. Cenance*, 452 U.S. 155 (1981).  Although, few TILA cases share the unique procedural background of this case, after considering the full background of this case and the affidavit and fee exhibits submitted by Plaintiff the Court concludes that the fees requested by Mr. Nigh's attorneys are not unreasonable.

     13.  The Court's Assessment

     Based upon Plaintiff's evidence, the Court finds that the attorney's fees and costs requested by Mr. Nigh's attorneys are reasonable within the law.  Accordingly, the Court awards Plaintiff attorney's fees in the amount of $85,083.60.  This amount includes $29,129.10 for the work done in the trial phase, which represents a forty percent reduction of the amount originally requested by Mr. Nigh's attorneys.  It also includes $55,954.50 for the work done on the appeals, which includes $11,840, previously awarded by the Fourth Circuit and $44,114.50 for the work incurred during and after the Supreme Court appeal.


                    **III.  CONCLUSION**

     For the foregoing reasons, it is hereby

     ORDERED that Plaintiff's Motion for Attorney's Fees is GRANTED.  The Court awards Plaintiff Bradley Nigh $85,083.60 in

                            24

attorney's fees and costs under the fee-shifting provisions of the Truth in Lending Act and the Virginia Consumer Protection Act.

It is FURTHER ORDERED that Defendant's Motion to Compel Immediate Repayment of Excess Judgment Paid to Nigh, Repayment of Vacated Attorney's Fees and Further Relief as to Costs is GRANTED IN PART and DENIED IN PART.  Koons is entitled to a recovery of $26,312.36, including interest from Mr. Nigh.  Interest will continue to accrue at the statutory rate until the date of payment.

The Court enters judgment in favor of Bradley Nigh and against Koons Buick Pontiac GMC, Inc. in the amount $85.083.60. The Court enters judgment in favor of Koons Buick Pontiac GMC, Inc. and against Bradley Nigh in the amount of $26,312.36.

The Clerk is directed to enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk is directed to forward a copy of this Memorandum Order to counsel.

Entered this _____ day of August, 2005.

Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
8/ /05